## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### BECKLEY DIVISION

| | | |
|---|---|---|
| **DAVID ALLEN WILSON,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No. 5:07-00252** |
| | ) | |
| **T.R. CRAIG, Warden,** | ) | |
| | ) | |
| **Respondent.** | ) | |

### PROPOSED FINDINGS AND RECOMMENDATION

On April 25, 2007, Petitioner, acting *pro se* and currently incarcerated at Federal Correction Institute, Beckley [FCI Beckley], filed a Petition for Writ of Habeas Corpus seeking relief under 28 U.S.C. §2241 and a Memorandum in Support.[1]  (Doc. Nos. 1 and 2.) Petitioner states the grounds upon which he is seeking relief as follows:

1.  Petitioner Wilson has been categorically denied his Fifth Amendment constitutional right to be sentenced on the basis of true and accurate information. The sentence imposed was founded upon "misinformation" of a constitutional magnitude resulting in adverse prejudice and [violations] of Wilson's due process rights.

2.  A miscarriage of justice has been conferred upon Petitioner activating the "actual innocence" exception to excuse procedural default of any sentencing adjustment which has been incurred during the resentencing phase of that criminal proceeding. Wilson was illegally and unconstitutionally enhanced for a "pending" charge in state court. The final disposition of the state charge occurred before resentencing in federal court. This state charge was dismissed, in as such, Wilson was "actually innocent" of the information used to enhance his sentence. Therefore, Wilson is entitled to immediate release from custody.

3.  Ineffective assistance of counsel.  Defense counsel failed in his

---

[1] Because Petitioner is acting *pro se*, the documents which he has filed in this care are held to a less stringent standard than if they were prepared by a lawyer, and therefore they are construed liberally.  *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

professional duties to bring these constitutional violations to the attention of the appellate court in his direct appeal.

4. During the resentencing hearing, the Honorable Glen M. Williams, Senior United States District Judge ignored his earlier ruling of July 6, 1995, in which he stated the previous state conviction would not be counted and that he would "roll back his (Wilson's) Criminal History Category to Roman numeral two, with criminal history points of three and a total offense level of 24, which would make a guideline range of 57-71 months. [T]he duration of Wilson's legal sentence has undoubtedly been satisfied and he is due immediate release at this time.

(Doc. No. 1 at 7.)

By Standing Order also filed on April 25, 2007, this matter was referred to the undersigned United States Magistrate Judge for submission of proposed findings of fact and recommendation for disposition pursuant to 28 U.S.C. §636(b)(1)(B).  (Doc. No. 3.)  The undersigned has carefully examined Petitioner's Application, and has concluded that Petitioner's Application must be regarded a successive Motion to Vacate, Set Aside, or Correct his Sentence under 28 U.S.C. § 2255, and as such, must be summarily dismissed because jurisdiction over such Motions rests in the District where Petitioner was sentenced, the Western District of Virginia, not in the Southern District of West Virginia, and authority to file such Motions must be obtained in the corresponding Circuit Court of Appeals, the Fourth Circuit.[2]

## FACTUAL AND PROCEDURAL BACKGROUND

Petitioner was convicted of drug and firearm offenses in the Western District of Virginia. On July 6, 1995, Petitioner was sentenced to a 240 month term of incarceration.  See United States v. Wilson, Criminal Action No. 1:95-cr-00006, Doc. No. 76 (W.D. Va. July 10, 1995).  Petitioner

---

[2] Title 28, Section 2244(b)(3)(A) states that "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."

was later resentenced on September 9, 1997, to a term of 235 months of incarceration.  Id., Doc. No. 97.  Petitioner thereafter filed three Motions to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 in the Western District of Virginia.  Petitioner's first § 2255 Motion was denied, and the Fourth Circuit Court of Appeals affirmed the District Court's decision.  See Wilson v. United States, Civil Action No. 7:99-cv-00553 (W.D. Va. Dec. 20, 2000) , aff'd, No. 01-6219, 11 Fed. Appx. 145, 2001 WL 417708 (4th Cir. Apr. 24, 2001), cert. denied, 534 U.S. 854, 122 S.Ct. 126, 151 L.Ed.2d 81 (2001).  Petitioner's second and third § 2255 Motions were denied as successive.  See Wilson v. United States, Civil Action No. 7:03-cv-00188, (W.D. Va. Mar. 3, 2003) and Wilson v. United States, Civil Action No. 7:06-00014 (W.D. Va. Jan. 12, 2006). Petitioner appealed the District Court's denial of his second and third § 2255 Motions, and the Fourth Circuit Court of Appeals denied Petitioner certificates of appealability and dismissed the cases. See United States v. Wilson, No. 03-6832, 73 Fed. Appx. 661, 2003 WL 227073464 (4th Cir. Sept. 8, 2003) and United States v. Wilson, No. 06-16176, 174 Fed. Appx. 153, 2006 WL 889222 (4th Cir. Mar. 31, 2006).

## DISCUSSION

A review of the docket sheet reveals that Petitioner has not paid the filing fee or filed an Application to Proceed *in Forma Pauperis*.  Accordingly, Petitioner's Application is not properly before this Court.  Furthermore, Petitioner is seeking to challenge the validity of his conviction and sentence in the Western District of Virginia.  Applications under 28 U.S.C. § 2255 are the exclusive remedy for testing the validity of federal judgments and sentences unless there is a showing the remedy is inadequate or inadequate or ineffective.  In re Jones, 226 F.3d 328, 333 (4th Cir. 2000)("W]hen § 2255 proves 'inadequate or ineffective to test the legality of . . . detention,' a federal prisoner may seek a writ of habeas corpus pursuant to § 2241."); Bradshaw v. Story, 86 F.3d

164, 166 (10th Cir. 1996).  The Petitioner bears the burden of showing the inadequacy or

ineffectiveness of a § 2255 Application.  See McGhee v. Hanberry, 604 F.2d 9, 10 (5th Cir. 1979).

The Fourth Circuit has concluded that relief under 28 U.S.C. § 2255 is inadequate or ineffective to

test the legality of a conviction when:

> (1) at the time of conviction, settled law of this circuit or the Supreme Court
> established the legality of the conviction;
>
> (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive
> law changed such that the conduct of which the prisoner was convicted is deemed
> not to be criminal, and
>
> (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new
> rule is not of constitutional law.

In re Jones, 226 F.3d at 333-34.  The fact that relief under § 2255 is barred procedurally or by the

gatekeeping requirements of § 2255 does not render the remedy of § 2255 inadequate or ineffective.

In re Jones, 226 F.3d at 332; Young v. Conley, 128 F.Supp.2d 354, 357 (S.D. W. Va. 2001).  The

remedy under § 2241 is not an additional, alternative or supplemental remedy to that prescribed

under § 2255, and allegations respecting the execution of a federal sentence, e.g., time credit

calculations, are properly considered under § 2241.  "A section 2241 petition that seeks to challenge

the validity of a federal sentence must either be dismissed or construed as a section 2255 motion."

Pack v. Yusuff, 218 F.3d 448, 452 (5th Cir. 2000).

　　　　The undersigned finds that Petitioner's Petition in this case amounts to a request for relief

under §2255, not § 2241, and must be deemed to constitute a successive Petition without

certification of the Fourth Circuit Court of Appeals pursuant to 28 U.S.C. §2244(b)(3).  Pursuant

to the Antiterrorism and Effective Death Penalty Act [ADEPA] Amendments to 28 U.S.C. §2255,

"[a] second or successive motion must be certified as provided in section 2244 by a panel of the

appropriate court of appeals."[3]  Under these circumstances, the Court has no jurisdiction to consider

Petitioner's claims, and this action must be dismissed.

**PROPOSAL AND RECOMMENDATION**

Based upon the foregoing, it is therefore respectfully **PROPOSED** that the District Court

confirm and accept the foregoing factual findings and legal analysis and conclude that the

Petitioner's Application is properly considered a successive motion under 28 U.S.C. §2255, and that

the District Court has no jurisdiction to consider the issues presented by Petitioner's Petition for

Writ of Habeas Corpus.  Accordingly, it is hereby respectfully **RECOMMENDED** that the District

Court **DISMISS** Petitioner's Petition for Writ of Habeas Corpus (Doc. No. 1.) and **REMOVE** this

matter from the Court's docket.

The Petitioner is hereby notified that this "Proposed Findings and Recommendation" is

hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Thomas

E. Johnston.  Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and

Rule 6(e) and 72(b), Federal Rules of Civil Procedure, the Petitioner shall have thirteen days from

the date of filing of this Findings and Recommendation within which to file with the Clerk of this

Court specific written objections identifying the portions of the Findings and Recommendation to

---

[3] To obtain certification from the Court of Appeals, the Petitioner must demonstrate that the Motion contains:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255.

5

which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984). Copies of such objections shall be served on opposing parties, Judge Johnston and this Magistrate Judge.

The Clerk of this Court is directed to file this "Proposed Findings and Recommendation" and to mail a copy of the same to Plaintiff who is acting *pro se* and to counsel of record.

DATE: May 3, 2007.

R. Clarke VanDervort
United States Magistrate Judge