# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## BECKLEY DIVISION

DAVID ALLEN WILSON,

          Petitioner,

v.                                    CIVIL ACTION NO. 5:07-cv-00252

T. R. CRAIG, Warden,

          Respondent.

## MEMORANDUM OPINION

By Standing Order entered on August 1, 2006, and filed in this case on April 25, 2007, this action was referred to United States Magistrate Judge R. Clarke VanDervort for submission of proposed findings and a recommendation (PF&R). Magistrate Judge VanDervort filed his PF&R on May 3, 2007 [Docket 4]. In that filing, the magistrate judge recommended that this Court dismiss Petitioner's Petition for Writ of Habeas Corpus [Docket 1], and remove this matter from the Court's docket. For the reasons stated below, the Court adopts the magistrate judge's recommendations.

### I. BACKGROUND

The full factual and procedural history of this case is set forth in detail in the PF&R. In short, Petitioner is currently a federal prisoner at FCI Beckley, in Beckley, West Virginia, where he is serving a 235-month sentence for his conviction of drug and firearms offenses in the Western District of Virginia. Petitioner has previously filed three § 2255 motions which were all denied by the Western District of Virginia. The United States Court of Appeals for the Fourth Circuit affirmed the first dismissal, and denied Petitioner's certificates of appealability on the second and third.

Not finding relief in the Western District of Virginia, Petitioner filed this 28 U.S.C. § 2241 petition for a writ of habeas corpus on April 25, 2007, in the Southern District of West Virginia -- the district of his confinement.  Petitioner challenges the length of his sentence and requests immediate release, arguing that his criminal history was improperly calculated at his re-sentencing hearing because the district court departed upward pursuant to U.S.S.G. § 4A1.3 based on a state charge that was allegedly dismissed.

Initially, the magistrate judge noted that Petitioner had neither paid his filing fee nor filed an application to proceed *in forma pauperis*, and therefore his petition was not properly before the Court.  Further, Magistrate Judge VanDervort considered Petitioner's application a successive motion under 28 U.S.C. § 2255, and consequently recommended that this Court find that it lacked jurisdiction to consider the issues presented because jurisdiction rests in the district where Petitioner was sentenced, and because Petitioner did not obtain permission from the Fourth Circuit Court of Appeals to file such a successive petition.

## II. STANDARD OF REVIEW

This Court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1)(C).  However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed.  *Thomas v. Arn*, 474 U.S. 140, 150 (1985).  In addition, this Court need not conduct a *de novo* review when a petitioner "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations."  *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).  Here, objections to

Magistrate Judge VanDervort's PF&R were due by July 1, 2007, pursuant to the Court's Order granting Petitioner an extension of time. On May 29, 2007, Petitioner timely filed his objections.

## *III. DISCUSSION*

Petitioner first objects to the Magistrate Judge's finding that he has not paid the appropriate filing fee. Apparently, the fee was paid on May 4, 2007, one day after the PF&R was entered. Accordingly, Petitioner's objection is **SUSTAINED**, and the Court will consider the merits of his petition.

Next, Petitioner objects to the magistrate judge's finding that he is improperly challenging the validity of his conviction. He argues that he is simply challenging "the illegal duration of the sentence imposed" by the district court because his sentence was "unconstitutionally enhanced using a pending state charge" that was dismissed due to his "actual innocence." (*See* Docket 8 at 3.) He suggests that because he is actually innocent of a pending state charge that was used to enhance his criminal history, § 2241 is appropriate because § 2255 "is inadequate or ineffective to test the legality of his detention." (*Id.* at 6.) Further, he argues that it is unreasonable "to base any significant increase in a defendant's sentence on facts that have not been prove[n] beyond a reasonable doubt." (*Id.* at 9.)

The Court rejects Petitioner's arguments. Because Petitioner is challenging the legality and duration of his current sentence, not the execution of his sentence, unless the so-called "savings clause" of § 2255 applies, he may only bring his motion in the Western District of Virginia, after receiving a certificate of appealability from the Fourth Circuit. *See* 28 U.S.C. § 2255; *Woodall v. Fed. Bureau of Prisons,* 432 F.3d 235, 242-43 (3d Cir. 2005); *Tomlinson v. Zenk*, 1:07-cv-629, 2007 U.S. Dist. LEXIS 60071, at *4 (N.D. Ga. Aug. 16, 2007) (unpublished).

The "savings clause" of § 2255 "permits a district court to consider a § 2241 petition challenging the validity of the prisoner's detention when § 2255 is 'inadequate or ineffective to test the legality of . . . detention." *White v. Rivera*, 518 F. Supp. 2d 752, 754 (D.S.C. 2007) (citations omitted). Thus, in order to overcome the procedural constraints of § 2255, and avail himself of § 2241, the Fourth Circuit has held that Petitioner must meet the standard announced in *In re Jones*, 226 F.3d 328, 333-34 (4th Cir. 2000). In that case, the court stated:

> § 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

*In re Jones*, 226 F.3d at 333-34. The Fourth Circuit has strictly interpreted this rule, and has consistently held that when a petitioner fails to meet each element of the three-part test, § 2255 is neither inadequate nor ineffective, and a petitioner may not proceed under § 2241. *See, e.g.*, *United States v. Coor*, 226 F. App'x 267 (4th Cir. 2007) (unpublished); *James v. Hickey*, 216 F. App'x 324 (4th Cir. 2007) (unpublished); *Kimble v. Lamanna*, 182 F. App'x 190 (4th Cir. 2006) (unpublished); *Hanely v. Williamson*, 82 F. App'x 844 (4th Cir. 2003) (unpublished).

Here, Petitioner has not objected to the magistrate judge's finding that he fails to meet the *Jones* standard. Rather, Petitioner argues that the "actual innocence" exception should apply. Because the Fourth Circuit has not expanded the *Jones* standard to any set of facts beyond those that meet the three-part test, and because Petitioner does not satisfy that test, he may not proceed under § 2241, and this Court is without jurisdiction to entertain his petition. Accordingly, Petitioner's objection is **OVERRULED**, and the Court **ADOPTS** the magistrate judge's recommendations to

dismiss the petition and remove this case from the Court's docket. A Judgment Order will be entered this day implementing the rulings contained herein.

        ENTER:      February 7, 2008

_____
THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE